## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL L. BEECH, SR,
          Appellant,

          v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DA-3443-17-0420-I-1

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael L. Beech, Sr., Pleasanton, Texas, pro se.

Lawrence Lynch, Esquire, Joint Base San Antonio, Randolph Air Force
     Base, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed for lack of Board jurisdiction his appeal claiming that the manner in which the agency assessed his application, leading to his nonselection, was an employment practice that violated a basic requirement of 5 C.F.R. § 300.103.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's claim that the agency failed to apply an Office of Personnel Management (OPM) policy requiring a comprehensive evaluation of his background during the selection process, we AFFIRM the initial decision.

## BACKGROUND

¶2      On April 23, 2017, the appellant applied for a competitive service GS-1750-11 Instructional Systems Specialist position with the agency, under vacancy announcement 8Z-AFPC-1945278-796741-ASC. Initial Appeal File (IAF), Tab 11 at 52-53, Tab 14 at 1. The position had qualifying educational requirements set by OPM consisting of a degree that included or was supplemented by 24 semester hours of specific coursework in at least 4 of 5 focus areas. IAF, Tab 11 at 67, Tab 12 at 9.

¶3      The agency interviewed the appellant for the position on June 12, 2017. IAF, Tab 1 at 5. The following day, the agency requested additional information to verify the appellant's eligibility. IAF, Tab 11 at 51. The agency had subject matter experts on the position review the appellant's educational qualifications.

*Id*. at 15-16. Each agreed that the appellant failed to meet the educational requirements set by OPM, as he had only completed 21 semester hours in 3 of the 5 focus areas. *Id*. at 15-16, 25-27. Accordingly, the agency deemed the appellant ineligible for the position and did not consider his application further. *Id*. at 14.

¶4 On July 18, 2017, the appellant filed an appeal with the Board and requested a hearing, alleging that the manner in which the agency assessed his application, leading to his nonselection, was an employment practice that violated a basic requirement of 5 C.F.R. § 300.103. IAF, Tab 1 at 3, 5, Tab 4 at 4. The appellant also claimed that he met the educational requirements for the position. IAF, Tab 1 at 5, Tab 14 at 1-2. He further alleged that the agency failed to apply an OPM policy relating to 5 U.S.C. § 3308, because it did not conduct a comprehensive evaluation of his background during the selection process. IAF, Tab 1 at 5-7; Tab 4 at 4; Tab 14 at 2.

¶5 On September 8, 2017, the administrative judge issued an initial decision on the written record, finding that the appellant failed to meet his burden of establishing Board jurisdiction over his appeal. IAF, Tab 15, Initial Decision (ID) at 1-8. Specifically, the administrative judge held that the appeal did not concern an employment practice that OPM is involved in administering. ID at 3-8. The appellant then filed a petition for review largely reiterating his arguments before the administrative judge. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

<u>The standard for an employment practices appeal to be within the Board's jurisdiction.</u>

¶6 The term "employment practice" is defined by regulation as practices that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service.

5 C.F.R. § 300.101.  Employment practices include the development and use of examinations, qualification standards, tests, measurement instruments, and practices other than merit-based tests impacting selection.  *Holse v. Department of Agriculture*, 97 M.S.P.R. 624, ¶ 6 (2004); 5 C.F.R. § 300.101.

¶7    Pursuant to 5 C.F.R. § 300.103, each employment practice of the Federal Government generally must adhere to the following basic requirements.  First, an employment practice must be based on a job analysis identifying the basic duties of the position; the knowledge, skills, and abilities necessary to perform those duties; and the factors that are important in evaluating candidates for the position. 5 C.F.R. § 300.103(a).  Second, a rational relationship must exist between performance in the position and the employment practice used to fill the position and such relationship must be demonstrated by showing that the employment practice was professionally developed.  5 C.F.R. § 300.103(b).  Third, an employment practice must not discriminate on the basis of any prohibited factor listed in 5 C.F.R. § 300.103(c).  A candidate for employment who believes that an employment practice applied to him by OPM violates an aforementioned basic requirement may file an appeal with the Board.  5 C.F.R. § 300.104(a).

¶8    To establish Board jurisdiction over an employment practices appeal, an appellant's appeal must concern an employment practice that OPM is involved in administering and an appellant must make a nonfrivolous allegation that the employment practice violated one of the basic requirements set forth in 5 C.F.R. § 300.103.  *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010).  OPM need not be immediately involved in the practice in question, as an agency's misapplication of a valid OPM requirement may constitute an appealable employment practice, assuming the other jurisdictional elements are met.  *See Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶¶ 10, 12 (2007) (noting that OPM can be sufficiently involved in an agency's selection process in an employment practices appeal when OPM formulated the qualification standard at issue).

<u>The appellant failed to meet his burden of establishing Board jurisdiction over his employment practices appeal.</u>

¶9    As the administrative judge correctly held in the initial decision, the appellant's challenge of the agency's decision that he did not meet the educational requirements for the Instructional Systems Specialist position is not an employment practices appeal within the Board's jurisdiction. ID at 6-8; IAF, Tab 1 at 5, Tab 14 at 1-2. While the term "employment practice" is to be construed broadly, it does not encompass the agency's rating and handling of an individual application. *Richardson v. Department of Defense*, 78 M.S.P.R. 58, 61 (1998) (holding that the Board lacked jurisdiction over an employment practices appeal when the appellant merely contested the agency's rating and handling of her individual application); *see Sutton v. Department of Veterans Affairs*, 671 F. App'x 781, 783 (Fed. Cir. 2016) (Table) (finding that the appellant's employment practices appeal was not within the Board's jurisdiction because the appellant challenged the individual determination that his transcript was insufficient to show that he met the educational requirements).[2]

¶10    Relatedly, as determined by the administrative judge in the initial decision, the appellant does not challenge the validity or applicability of the educational requirements for the position at issue. ID at 6-7. In an employment practices appeal, misapplication of a valid OPM requirement by an agency does not mean that an agency inaccurately evaluated a candidate using a valid OPM requirement; instead, it means that the very application of the requirement to the candidate violated 5 C.F.R. § 300.103. *See Sauser*, 113 M.S.P.R. 403, ¶¶ 8-10 (finding that an appellant established jurisdiction over an employment practices appeal when alleging that an agency improperly applied OPM qualification standards because

---

[2] The Board may rely on unpublished U.S. Court of Appeals for the Federal Circuit decisions if, as here, it finds the reasoning persuasive. *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 21 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).

he alleged that the standards were not rationally related to performance in the position at issue).  The appellant makes no such claim here.

¶11    The appellant did however allege in his appeal and on review that the agency failed to apply an OPM policy relating to 5 U.S.C. § 3308 because it did not conduct a comprehensive evaluation of his background during the selection process.[3]  IAF, Tab 1 at 5-7; Tab 4 at 4; Tab 14 at 2; PFR File, Tab 1 at 4-5.  While noting this issue in both an order and in the initial decision, the administrative judge did not reach a conclusion on the matter.  ID at 4; IAF, Tab 14 at 2.  Initial decisions must contain findings of fact and conclusions of law for the material issues presented in the record, along with the corresponding reasons or bases.    5 C.F.R. § 1201.111(b)(1)-(2); *see Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).   We modify the initial decision to include analysis and conclusion on this issue.

¶12    The appellant continuously references the OPM policy that states that in rare occasions, agencies must conduct a more comprehensive evaluation of an applicant who does not meet the required educational requirements, but is demonstrably well qualified for the position due to a combination of education and experience.  IAF, Tab 1 at 5-7; Tab 4 at 4; Tab 14 at 2; PFR File, Tab 1 at 4-5; *see* OPM, Classification & Qualifications, General Schedule Qualification Policies, Educational and Training Provisions or Requirements, Interpreting Minimum Educational Requirements, https://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-policies/ (last visited February 28, 2023).   In this case, the appellant claims that he is

---

[3] In accordance with 5 U.S.C. § 3308, agencies may not prescribe minimal educational requirements for competitive-service positions unless OPM decides that the duties are of a scientific, technical, or professional position that cannot be performed by an individual who does not have a prescribed minimum education.  OPM determined that the competitive service GS-1750-11 Instructional Systems Specialist position in this appeal falls under the exception of  5 U.S.C. § 3308 and established educational requirements as a result.  IAF, Tab 11 at 67.  The appellant does not challenge the validity or applicability of these educational requirements.  ID at 7.

demonstrably well qualified and the agency did not conduct a comprehensive evaluation of his background. IAF, Tab 1 at 5-7; Tab 4 at 4; Tab 14 at 2; PFR File, Tab 1 at 5-6.

¶13    An individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind does not qualify as an "employment practice." *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998); *see Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 159-60 (1993) (finding that failure to consider the appellant's relevant education and experience and other alleged irregularities in the selection process does not constitute an "employment practice"), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994) (Table). Here, the appellant claimed that the agency did not complete a comprehensive evaluation of his background, but has not alleged or shown that the supposed failure to do so was pursuant to or part of any rule or practice by the agency. We therefore find that the appellant's allegation, even if true, does not show that the agency's actions constituted an employment practice. *See Manno v. Department of Justice*, 85 M.S.P.R. 696, ¶ 7 (2000) (finding that because the contested agency action was not made pursuant to or as part of a rule or practice, it did not constitute an employment practice).[4]

¶14    Because the record contains undisputed evidence on the jurisdictional issue and the appellant failed to make a nonfrivolous allegation of jurisdiction, the administrative judge correctly dismissed this appeal without holding a hearing. *See O'Neal v. U.S. Postal Service*, 39 M.S.P.R. 645, 649 (dismissing an appeal without a hearing when the appellant failed to raise a nonfrivolous allegation of jurisdiction and the jurisdictional issue could be resolved on written submissions), *aff'd*, 887 F.2d 1095 (Fed. Cir. 1989) (Table).

---

[4] Even if the appellant did adequately allege that the agency's failure to apply this OPM policy to his individual circumstance is an employment practice, he still does not establish Board jurisdiction over his claim, as he did not make a nonfrivolous allegation that the employment practice at issue violated one of the basic requirements set forth in 5 C.F.R. § 300.103. *Sauser*, 113 M.S.P.R. 403, ¶ 6.

¶15      We have considered the appellant's arguments on review, many mirroring the ones he set forth before the administrative judge, and we discern no basis to disturb the administrative judge's conclusion that the appellant failed to establish Board jurisdiction over his employment practices appeal.  PFR File, Tab 1 at 4-7. *See Hsieh v. Defense Nuclear Agency*, 51 M.S.P.R. 521, 524-25 (1991) (holding that mere reargument of the same issues does not constitute a basis to grant a petition for review), *aff'd*, 979 F.2d 217 (Fed. Cir. 1992) (Table).

¶16      Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.